IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. CCB-18-0514 |
| ) | |
| JOHN DWIGGINS, ) | |
| ) | |
| Defendant. ) | |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on November 28, 2018, the United States of America filed a Superseding Indictment, charging John Dwiggins (the "Defendant") with Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 1349 (Count One) (ECF No. 8);

WHEREAS, the Superseding Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 982(a)(1) and, 18 U.S.C. § 982(a)(2)(A), which provided notice that the United States intended to seek forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Superseding Indictment, of any and all property constituting, or derived from, proceeds obtained directly or indirectly as a result of the violations;

WHEREAS, on February 6, 2019, the Defendant pled guilty, by a written and signed Plea Agreement (ECF No. 25), to one count of Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 1349 of the Superseding Indictment;

WHEREAS, as part of his guilty plea, the Defendant agreed to forfeit to the United States all right, title and interest in the following items that the Defendant agreed constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's offense, and, specifically, a money judgment in the amount of $65,503.08 for the proceeds obtained by the Defendant or retained as a result of the

fraud scheme on Xenith Bank (the "Subject Property"), after a $5,000 payment to be made at or around the time of sentencing;

WHEREAS, pursuant to 18 U.S.C. § 982(a)(1), 18 U.S.C. § 982(a)(2)(A) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture imposing a Money Judgment;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that a money judgment in the amount of $65,503.08 is CONDEMNED and FORFEITED to the United States in accordance with 18 U.S.C. § 982 and the Defendant shall remain personally liable for the money judgment until the judgment is satisfied.

1. IT IS FURTHER ORDERED that upon the entry of this Order, in accordance with Fed.R.Crim.P. 32.2(b)(3), the United States is authorized to conduct any discovery that may assist in identifying, locating or disposing of any property that may be forfeited as substitute assets and that the United States Attorney General or his authorized designee shall seize and dispose of the said assets in accordance with law.   Fed. R. Crim. P. 32.2(b).

2. IT IS FURTHER ORDERED that upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights with regard to substitute assets, including giving notice of this Order.

3. IT IS FURTHER ORDERED that Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

4. IT IS FURTHER ORDERED that this Court shall retain jurisdiction to enforce this Order, to adjudicate any third party claims upon substitute assets if the United States locates specific assets traceable to the Subject Property or other assets subject to forfeiture as substitute

assets pursuant to 21 U.S.C. § 853(p) and to amend this order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

_____
Hon. Catherine C. Blake
United States District Judge

Dated: 3/11/20